```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

| | |
|---|---|
| BRYAN HOWARD<br>7918 Fernhill Avenue<br>Parma, Ohio 44129 | ) CASE NO.<br>)<br>) JUDGE<br>) |
| on behalf of himself and all others<br>similarly situated, | ) MAGISTRATE JUDGE<br>)<br>) |
| Plaintiff, | ) **PLAINTIFF'S COMPLAINT**<br>)<br>) (Jury Demand Endorsed Herein) |
| vs. | )<br>) |
| WELTMAN, WEINBERG & REIS CO.,<br>L.P.A.<br>965 Keynote Circle<br>Brooklyn Heights, Ohio 44131 | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

Now comes Plaintiff, Bryan Howard, by and through counsel, and for a Complaint against Defendant Weltman, Weinberg & Reis Co., L.P.A. ("Weltman, Weinberg & Reis") states and alleges the following:

## INTRODUCTION

1.      This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of: 1) paying overtime compensation to Plaintiff and other similarly-situated debt collectors for the hours they worked over 80 hours in a two-week period, rather than for the hours they worked over 40 hours in a workweek; and 2) failing to include commissions earned by Plaintiff and other similarly-situated debt collectors in their regular rate of pay for purposes of calculating their overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and resident of Cuyahoga County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At times relevant herein, Defendant maintained its principal place of business in Cuyahoga County, Ohio.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

12. Defendant Weltman, Weinberg & Reis is a law firm that provides litigation and collection agency services.

13. Defendant maintains offices in Chicago, Illinois, Cincinnati, Ohio, Cleveland, Ohio, Columbus, Ohio, Detroit, Michigan, Philadelphia, Pennsylvania, and Pittsburgh, Pennsylvania.

14. Plaintiff Bryan Howard was employed by Defendant between approximately August, 2009 and September 21, 2010.

15. Plaintiff and other similarly-situated employees were employed by Defendant as debt collectors.

16. Plaintiff and other similarly-situated debt collectors were classified by Defendant as non-exempt employees and were paid on an hourly basis.

17. Plaintiff and other similarly-situated debt collectors were also paid commissions based on a percentage of debt they collected.

18. Plaintiff and other similarly-situated debt collectors frequently worked over 40 hours a week.

19. Defendant generally required Plaintiff and other similarly-situated debt collectors to work alternating 36- and 44-hour workweeks.

20. Defendant, however, failed to pay Plaintiff and other similarly-situated debt collectors overtime compensation for the hours they worked over 40 hours in a workweek.

21. Instead, Defendant paid Plaintiff and other similarly-situated debt collectors overtime compensation for the hours they worked over 80 hours in a two-week period.

22. Thus, when Plaintiff and other similarly-situated debt collectors worked

alternating 36- and 44-hour workweeks, their overtime was averaged over a two-week period, and they were not paid any overtime compensation.

24. Defendant also failed to include the commissions paid to Plaintiff and other similarly-situated debt collectors in their regular rate of pay for purposes of calculating their overtime compensation. In other words, they were not paid overtime compensation based on the commissions they earned.

24. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated debt collectors were denied significant amounts of overtime compensation.

## **COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

26. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current debt collectors employed by Weltman, Weinberg & Reis at any time between November 1, 2007 and the present.

27. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 100 persons.

28. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.

Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

29. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

30. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31. Defendant's practice and policy of paying overtime compensation to Plaintiff and other similarly-situated debt collectors for the hours they worked over 80 hours in a two-week period, rather than for the hours they worked over 40 hours in a workweek, violated the FLSA, 29 U.S.C. § 207, 29 CFR § 778.103 and 29 CFR § 778.104.

32. Defendant's practice and policy of failing to include commissions earned by Plaintiff and similarly-situated debt collectors in their regular rate of pay for purposes of calculating their overtime compensation violated the FLSA, 29 C.F.R. § 778.117.

33. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

34. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated debt collectors have been damaged in that they have not received wages due to them pursuant to the FLSA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.      Issue an order permitting this litigation to proceed as a collective action;

B.      Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.      Award Plaintiff and the class he represents actual damages for unpaid overtime compensation;

D.      Award Plaintiff and the class he represents liquidated damages in an amount equal to the unpaid overtime compensation found due to Plaintiff and the class;

E.      Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F.      Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G.      Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ Anthony J. Lazzaro
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
Attorney for Plaintiff

**JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

                                            /s/ Anthony J. Lazzaro
                                            Attorney for Plaintiff